F. F. SHORES AND WIFE, MARY LEE SHORES v. JAMES L. RABON AND NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

(Filed 23 November, 1960.)

APPEAL by defendant Insurance Company from *Armstrong, J.,* February 1960 Civil Term, of UNION.

This cause was here at the Fall Term 1959 on appeal by defend-ant insurer from a judgment in favor of plaintiffs for $8,000. *Shores v. Rabon,* 251 N.C. 790, 112 S.E. 556. It was then held feme plain-tiff was not entitled to recover; male plaintiff was entitled to re-cover the debt due him on 5 January 1958—one-half of the Reese note—but not in excess of $8,000 as fixed by the policy. The cause

was remanded for a determination of the amount owing to the male plaintiff.

The parties then stipulated: ". . .FIFTEEN THOUSAND TWO HUNDRED ONE AND 47/100 DOLLARS ($15,201.47) was the balance due on the Note from C. Woodrow Reese and wife, Pearle W. Reese, to F. F. Shores and wife, Mary Lee Shores, as of January 5, 1958, after applying cash payments made thereon by C. W. Reese, *et ux.*" Based on this stipulation the court entered judgment in favor of the male plaintiff for one-half the total debt, to-wit, $7,600.73. Defendant insurer excepted and appealed.

*O. L. Richardson and William G. Pittman for plaintiff, appellee.*
*Smith & Griffin for defendant, appellant.*

PER CURIAM.  Appellant contends the judgment is erroneous because the court declined to credit the debt with the value of the land received as a result of the foreclosure. This was one of the questions considered and determined adversely to the insurer on the prior appeal. The word "extinguished," used in the concluding sentence of the opinion on the prior appeal, was used in the sense of payment in whole or in part.

That opinion is the law of the case. If deemed erroneous, the proper course to pursue was to petition for a rehearing, not to appeal again.

Affirmed.